IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:11-cr-30004-AA-2 |
| | **OPINION AND ORDER** |
| vs. | |
| JOHN DOUGAL, | |
| Defendant. | |

AIKEN, District Judge:

Now before the Court is defendant John Dougal's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 113. Specifically, defendant seeks a reduction of his sentence to time served and a revision of his supervised release conditions to include a term of home confinement. In the alternative, defendant has requested that the Court consider reducing his sentence to account for the harsh conditions he has suffered in the previous year. For the following reasons, the motion is DENIED.

/ / /

Page 1 – OPINION AND ORDER

## BACKGROUND

On August 22, 2011, defendant pleaded guilty to one count of using a minor to produce visual depiction of sexually explicit conduct in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2 before U.S. Magistrate Judge Mark Clarke.  ECF No. 63.  The plea petition was later approved by U.S. District Judge Owen Panner.  ECF No. 69.  Defendant entered this plea as part of a negotiated agreement with the government.  ECF No. 70.

Defendant was sentenced to 260 months in custody with a twenty-year term of supervised released to follow by Judge Panner.  ECF No. 98.  On appeal (ECF No. 102), the sentence was affirmed.  ECF No. 110.  Defendant is currently projected for release from custody on May 31, 2029.

Defendant filed the present motion *pro se* on August 10, 2020.  ECF No. 113.  The case was reassigned to this Court.  ECF No. 112.  The Court appointed the Federal Public Defender to represent defendant in this matter ECF No. 117.  Criminal Justice Act Panel attorney, Lindsey Burrows was then appointed to litigate this motion.  ECF No. 118.  The Court heard oral argument in this matter on November 9, 2020 and took the matter under advisement.  Defendant later filed a supplement to his original motion.

## LEGAL STANDARD

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare

cases. Until 2018, § 3582 allowed compassionate release only upon a motion by the Bureau of Prisons ("BOP"). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]extraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[ ] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (reasoning that "[18 U.S.C. §§ 3582(c)(1) and (c)(2)'s parallel language and structure[ ] compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test" and describing the three-part test for compassionate release motions (citing *Dillon*, 560 U.S. at 827, 829–30)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies

Page 3 – OPINION AND ORDER

categories of extraordinary and compelling reasons, including the defendant's age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may inform a district court's discretion, ... but [it is] not binding." *Id.* As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Defendant asserts that his age, sex, and underlying medical conditions, which include spinal cord injury, paraparesis, and depression, coupled with lockdown conditions at Federal Medical Center ("FMC") Rochester, place him at a heightened risk of complications and long-term side effects associated with the 2019 novel coronavirus ("COVID-19"). Defendant further argues that current custodial conditions make it impossible for him to provide adequate self-care.

As an initial matter, defendant's motion is properly before the Court. Defendant submitted a request for compassionate release to the warden at FMC Rochester on May 23, 2020. The warden denied that request on July 10, 2020.

Next the Court considers defendant's medical condition. Defendant is a 52-year-old male, suffering from paraparesis related his history of spinal cord injury. First, the Court finds that defendant's age and sex alone do not present unique underlying risk factors for contracting and developing severe complications from COVID-19. Indeed, none of defendant's diagnosed health conditions place him at risk for developing severe complications from COVID-19 according Center for Disease Control Guidelines. Also important is that there are no cases among inmates at FMC Rochester at present, and, as the government notes, vaccines are being distributed to federal prisoners.

Defendant also argues that COVID-19 operations at FMC Rochester threaten his ability to obtain necessary care. However, defendant suffered from his spinal condition, which limits his mobility, at the time he was sentenced and when he committed the underlying criminal activity. Further, defendant is being housed at BOP facility designed to serve prisoners with additional medical needs.

This case presents a closer question than most, however the Court finds that while defendant's current health conditions are serious, they do not, when considering current pandemic conditions, present extraordinary and compelling reasons which would justify compassionate release.

Even if the Court were to find that extraordinary and compelling reasons existed to grant defendant's motion, the § 3553(a) sentencing factors would still

Page 5 – OPINION AND ORDER

weight in favor of denial.[1] The underlying criminal activity is this case is severe. Defendant admitted to engaging in sexual acts with a minor student. He also took photographs of the victim while the victim was engaged in sexual acts with another adult and retained those photographs on his personal computer. Moreover, the record reveals evidence that defendant engaged in remarkable similar behavior with other minors for years prior to the activity in this case. Accordingly the court finds that effectively reducing defendant's time in custody by eight years would undermine the goals of sentencing.

## CONCLUSION

For reasons set forth herein, defendant's motion for compassionate release (ECF No. 113) is DENIED. Defendant supplemental request for a sentence reduction is also DENIED.

The Court also recognizes that circumstances can change quickly, so this denial is without prejudice. Defendant may file a renewed motion if his circumstances change and, especially, if the COVID-19 infection rate begins rising again at FMC Rochester. The Court will consider any renewed motion on an expedited basis.

///

---

[1] In imposing a sentence which is "sufficient, but not greater than necessary," a court considers, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, community safety, the kinds of sentences available, the need to avoid unwanted disparities in sentencing, and all other obligations of sentencing including punishment, deterrence, and rehabilitation. 18 U.S.C. § 3553(a).

Finally, the Court wishes to commend defendant on his efforts towards rehabilitation while in custody both in terms of engagement with programing and his efforts to build positive relationships.

IT IS SO ORDERED.

Dated this  20th day of May 2021.

                                       /s/Ann Aiken

                                       Ann Aiken
                         United States District Judge